IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL WADE PHILLIPS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1:13-CV-0068-WLS |
| VS. | : | |
| | : | |
| Warden J. JEANS, et. al. | : | |
| | : | |
| Defendants. | : | |

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiff Michael Wade Phillips has filed a Motion for Reconsideration (ECF No. 10) of the United State Magistrate Judge's Order denying his Motion for the Appointment of Counsel. The local rules contemplate motions like the one at bar but warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." See M.D.Ga. Loc. R. 7.6. Such motions are only appropriate if the movant can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Georgia Dep't of Transp., 7:04-CV-0078-HL, 2006 WL 1582409, * 2 (M.D. Ga. June 6, 2006) (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 23 (M.D.Ga.1997)). Plaintiff's Motion fails to satisfy the requirements for reconsideration. See Wallace, 2006 WL 1582409 at *2.

Moreover, the Court agrees that Plaintiff's Motion was premature. Counsel is appointed only when warranted by the complexity or novelty of the issues raised in the case. See Poole v.

Lambert, 819 F.2d 1025 (11th Cir. 1987).  The Magistrate Judge has not yet conducted a preliminary review of Plaintiff's Complaint and does not generally evaluate the need for counsel until he has an opportunity to review the responsive pleadings.

For all of these reasons, Plaintiff's Motion for Reconsideration is **DENIED**.  If the issues raised in Plaintiff's case are later shown to be complex or novel, he may of course file a renewed motion.  See id.

To the extent Plaintiff also complains about his limited access to the law library and requests an order requiring prison officials to provide him additional "law library access," he is advised that this request must be made in the form of a motion for preliminary injunction and cannot be granted unless all prerequisites for issuing an injunction are met.  All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc., 887 F.1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").  Plaintiff's Motion fails to meet these prerequisites.[1]

Plaintiff is further advised that prisoners have no "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996).  A prisoner alleging a lack of access to the law library must show that he has suffered an actual injury.  To show actual injury, Plaintiff would have to demonstrate that the lack of access to the law library has hindered his efforts to pursue a legal claim.  Plaintiff has not alleged, much less shown, any such injury.  Moreover, Plaintiff's present Motion suggests that he is in fact being provided *some* access to the law library and any limitations to that have been imposed due to security concerns (i.e.,

---

1  Plaintiff is not entitled to a preliminary injunction unless he can show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).

"emergency lockdown"). As a general rule, when matters of security are concerned, federal courts will defer to the wisdom and judgment of prison officials. See Pell v. Procunier, 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) ("in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to [security] considerations, courts should ordinarily defer to their expert judgment in such matters.").

Therefore, to the extent Plaintiff also moved for immediate injunctive relief, that motion is also **DENIED**.

**SO ORDERED** this  6th   day of June, 2013.


/s/ W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT