IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **MICHAEL WADE PHILLIPS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 1:13-CV-0068-WLS-TQL |
| Warden J. JEANES, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants. | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **MICHAEL WADE PHILLIPS**, a prisoner currently confined at Hays State Prison in Trion, Georgia, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and has paid an initial filing fee of $ 8.16.   Plaintiff is still obligated to pay the remaining $ 341.84 of the Court's filing fee as directed herein.   The Clerk of Court is thus **DIRECTED** to send a copy of this Order to the warden and/or business manager of Hays State Prison.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his complaint.   See 28 U.S.C. § 1915A(a).   Having now conducted a review of Plaintiff's Recast Complaint (Doc. 15), the undersigned **RECOMMENDS** that Plaintiff's claims against Warden Jeanes be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.   Plaintiff's claims against Officers Richardson, Curry, and Lewis shall go forward for further factual development.

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

**STATEMENT AND ANALYSIS OF CLAIMS**

The present action arises out of an incident occurring at the Lee State Correctional Institution in Leesburg, Georgia. The Complaint alleges that Officers Richardson and Curry slapped and punched Plaintiff without cause or provocation, causing him to suffer injuries to his nose and face. The officers then placed Plaintiff in a holding cell (also referred to as a "janitor's closet") and refused his request for medical treatment. At some point thereafter, Plaintiff requested a grievance form and that he be permitted to speak with the warden. Officers then entered the "janitor's closet" and assaulted Plaintiff a second time. Later, Officers Lewis (or Louis) entered and assisted Officers Richardson and Curry in choking, punching, and kicking Plaintiff. When they were done, the officers allegedly "dragged" Plaintiff to a waiting patrol car which then delivered Plaintiff to Phoebe Putney Memorial Hosptial for medical treatment.

These allegations, when read in a light most favorable to Plaintiff, are sufficient for his claims against Officers Richardson, Curry, and Lewis (or Louis) to proceed beyond the frivolity review stage. It is thus **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service. See Fed. R. Civ. P. 4(d).

To the extent that Plaintiff has attempted to hold Warden Jeanes liable for his subordinates' alleged conduct, he has failed to state a cognizable claim under §1983. A prisoner cannot state a §1983 claim based upon a theory of respondent superior or vicarious liability. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326

F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and alteration omitted).  To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  This may be done by alleging that the supervisor either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  Gross v. White, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff has not made any such allegations here.  Plaintiff's vague allegation that Warden Jeanes "is ultimately responsible for the training and supervision of the correctional personnel" does not suggest that the warden either instituted a custom or policy which resulted in a violation of Plaintiff's constitutional rights or otherwise knew that the officers would act unlawfully.  See id; see also, Simpson v. Stewart, 386 F. App'x 859, 861 (11th Cir. 2010) (blanket allegation that sheriff was "responsible for the well-being of all the inmates in the jail" was insufficient to state a claim under § 1983).  Plaintiff's conclusory allegation that the warden failed to properly train his staff is likewise insufficient to state a §1983 claim.  See Salas v. Tillman, 162 F. App'x 918, 922 (11th Cir. 2006) ("conclusory allegation that [warden] failed to properly train and supervise his staff . . . was insufficient to set forth a claim under § 1983").

It is accordingly **RECOMMENDED** that Plaintiff's claims against Warden Jeanes be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendations with the

district judge to whom this case is assigned within fourteen days after being served a copy of this Order.   28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not

exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain

obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 13th day of September, 2013.

s/*THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr