IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MICHAEL WADE PHILLIPS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 13-CV-68 (WLS) |
| OFFICER CURRY, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Presently pending herein are Plaintiff's Motion to Appoint Counsel and Motion to Amend Complaint, and two motions to dismiss filed on behalf of Defendants Curry and Edwards. (Docs. 44, 45, 38, 51). Plaintiff filed his original Complaint on April 22, 2013. (Doc. 1). Subsequent to Plaintiff's filing of supplements to the Complaint, the Court directed the Plaintiff to file a recast Complaint on July 9, 2013. (Doc. 14). Plaintiff filed this recast Complaint on July 29, 2013, and the Court ultimately issued an Order and Recommendation on September 13, 2013, allowing Plaintiff's claims to proceed against Defendants Richardson, Curry, and Lewis. (Docs. 20, 30). The undersigned further recommended that Plaintiff's claims against Defendant Jeanes be dismissed. (Docs. 15, 20).

*Motion for appointment of counsel*

Plaintiff has filed a motion seeking the appointment of counsel. (Doc. 44). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v.*

*Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.  The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED.**

*Motion for Leave to Amend*

Plaintiff filed his first Motion for Leave to Amend on November 12, 2013, maintaining that the person identified in his recast Complaint as "Defendant Lewis" is actually an individual by the name of "Terrance Edwards".  (Doc. 32).  Plaintiff stated that "[s]ince the filing of the Complaint the Plaintiff has determined that the sure name of the Lewis or (Louis) Defendant is Terrance Edwards."  (Doc. 32).  The Court granted Plaintiff's Motion for Leave to Amend, finding that the Plaintiff was amending his complaint as of right under Rule 15(a).  (Doc. 35). The Clerk of Court was directed to add as a Defendant Terrance Edwards, and to remove Officer Lewis as a Defendant.  *Id.*

In his second Motion for Leave to Amend, Plaintiff now seeks to again name Officer Lewis as a Defendant, in place of Officer Richardson, stating that "[s]ince the filing of the Motion for leave to amend the Plaintiff has determined that it was OFC Richardson and not OFC Louis or Lewis that was supposed to had [sic] been substituted and that the surname of the defendant is

Lewis." (Doc. 45). Plaintiff also seeks to supplement and clarify his First Amendment claims and add Eighth Amendment claims for failure to provide a meal and failure to protect. (Docs. 44, 45). Defendant Curry opposes this second attempt to amend Plaintiff's Complaint, asserting that the amendment adding Officer Lewis is time-barred by the statute of limitations and therefore futile, and does not relate back to the original claims under Federal Rule of Civil Procedure 15(c).

Pursuant to Rule 15(a)(2),

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). "While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). Accordingly, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

The record contains no evidence of bad faith, dilatory motive, or undue delay on the part

of the Plaintiff regarding his attempt to name the correct persons as defendants and add claims herein.  Although Plaintiff's second Motion for Leave to file an Amended Complaint was not filed until December 26, 2013, the Plaintiff sought leave to amend for a second time only approximately one month after the Court had granted his first motion to amend and less than one month after the filing of a motion to dismiss by Defendant Curry.  *See Hutcherson v. Flowers Baking Company of Opelika,* 2005 WL 1421148 (M.D.Ala.)  (filing of motion to amend three months after the filing of an answer  "is not per se dilatory"); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279-80 (4th Cir. 1987) (no undue delay in motion to amend filed three and a half years into litigation and three months after plaintiff was put on notice of additional facts giving rise to the amendment).

In regard to the issue of relation back of the Plaintiff's amended Complaint, Rule 15(c) provides that:

> (1) **When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff's proposed First and Eighth Amendment claims clearly relate to and arise from

the conduct set out in his recast Complaint and satisfy the requirements of Rule 15(c)(1)(B) for relation back.  At issue herein is whether Plaintiff's claims against Defendant Lewis, allegedly arising on July 7, 2011, relate back to the original pleading.  If the claims do not relate back, they are barred by the two-year statute of limitations governing such actions.  *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (two-year statute of limitations governs § 1983 claims in Georgia).  Defendant Curry maintains that Plaintiff cannot satisfy Rule 15(c)(1)(C)(ii), "because he cannot show that Officer Lewis 'knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity.'"  (Doc. 48, p. 8).  Defendant Curry asserts that Plaintiff did not make a "mistake concerning the proper party's identity" that would support relation back of his claims against Officer Lewis under Rule 15(c).

Defendant Curry does not assert that the remaining elements of Rule 15(c) have not been satisfied.  In regard to these elements, it appears that Plaintiff's proposed Amendment arises out of the conduct underlying Plaintiff's original Complaint.  Fed. R. Civ. P. 15(c)(1)(B).  Additionally, the Court finds that Officer Lewis knew or should have known, during the 120-day period for service, that but for Plaintiff's misidentification, Lewis would be a named defendant in this suit.  Lewis was named as a defendant in the recast Complaint.  The 120-day time period for service under Rule 4(m) began to run on September 13, 2013, the date on which the Court ordered service of the then-named Defendants.  (Doc. 20).  Plaintiff's second Motion for Leave to Amend naming Lewis as a defendant was filed on December 26, 2013, within the 120-day time period for service.  Moreover, all of the Defendants, including Officer Lewis, are allegedly employees of the Georgia Department of Corrections, and apparently are or would be represented by common counsel, to wit, the Georgia Attorney General.  "[W]hen the original and

the added defendants are represented by the same counsel . . . the institution of an action against one serves to provide notice of the litigation to the other." *Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, (M.D.Ala. 2000) (*citing Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998), holding that "notice [for purposes of F.R.C.P. 15(c)] may be imputed to the new party through shared counsel".) Moreover, there is no indication of any prejudice to the Defendants by allowing Plaintiff's amended Complaint to relate back to the time of filing of the original Complaint.

In regard to whether the Plaintiff's mistake as to the identities of the proper defendants supports relation back of his claims against Officer Lewis, Defendant Curry argues that "a mistake concerning the proper party's identity" does not encompass a "lack of knowledge of the proper party". (Doc. 48, pp. 9, 10); *citing Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Wilson v. U.S. Gov't.,* 23 F.3d 559, 563 (1st Cir. 1994).

In *Wayne*, 197 F.3d 1098, the Eleventh Circuit found that a plaintiff's amended complaint, substituting named defendants for John Doe defendants, did not relate back under Rule 15(c), as the naming of new defendants was not based on mistake but ignorance of the defendants' identities at the time the original complaint was filed. *Id.* at 1103. The court found that rather than correcting a mistake, the plaintiff was seeking to name new defendants based on a prior lack of knowledge, and "[f]or these purposes, ignorance does not equate to misnomer or misidentification." *Id.*

The situation herein, however, is that the Plaintiff is seeking to correct a mistake as to who is named as a defendant in this action. Plaintiff originally named Richardson, Curry, and

Lewis as defendants, corrected this to Richardson, Curry, and Edwards with his first Amended Complaint, and now seeks to correct his error in replacing Lewis rather than Richardson with a second Amended Complaint, so that the defendants are now Lewis, Curry, and Edwards.  (Doc. 50).  Clearly, Plaintiff is seeking to correct his misidentification of Defendant Richardson rather than Officer Lewis as an allegedly liable party, and this does not fall into the category of adding a new party whose identity was previously unknown.  *Cf. Wilson*, 23 F.3d at 563 (plaintiff's amendment denied, as attempt to name U.S., rather than General Electric Government Services, Inc., as defendant did not relate back; "no mistake concerning the identity of the proper party" had occurred).

The Eleventh Circuit has held that the word "mistake" in Rule 15(c)(1)(C)(ii) should be liberally construed.  *Itel Capital Corp. v. Cups Coal Co., Inc.,* 707 F.2d 1253, 1258 n.9 (11th Cir. 1983); *Kuehn v. Cadle Co., Inc.,* 335 Fed.Appx. 827, 830 (11th Cir. 2009). "Virtually by definition, every mistake involves an element of negligence, carelessness, or fault – and the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity. Properly construed, the rule encompasses both mistakes that were easily avoidable and those that were serendipitous."  *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000).

The Court finds that Plaintiff's proposed amendment adding claims and Officer Lewis as a defendant satisfies the requirements for relation back set out in Rule 15(c)(1)(B) and (C), respectively.  Further, based on the absence of any evidence of bad faith, dilatory motive, or undue delay by the Plaintiff in attempting to amend his claims and defendants for a second time, the Court **GRANTS** Plaintiff's second Motion for Leave to File an Amended Complaint (Doc. 45), and deems Plaintiff's Complaint amended by Documents 44 and 45.  The Court notes that

7

Plaintiff indicates he is dismissing his Eighth Amendment deliberate indifference claim and his Fourteenth Amendment due process claim.  (Doc. 44, p. 6).

*Motions to Dismiss*

Since Defendants' pending motions to dismiss (Docs. 38, 51) address only Plaintiff's recast Complaint, it is the recommendation of the undersigned that Defendants' motions to dismiss be **DENIED** at this time as moot.  *See M.W. ex rel Wang*, 2007 WL 2765572 (M.D.Ga., Sept. 20, 2007) (after granting plaintiff's motion to amend, the court held that defendants' motion to dismiss must be denied as moot because it was based on the plaintiff's original complaint).  If the district judge adopts this Report and Recommendation, the Defendants may simply refile or renew their existing motions to dismiss if sufficient to address Plaintiff's Amended Complaint, as additionally amended by Docs. 44 and 45.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The Clerk of Court is **DIRECTED** to correct the docket to reflect three current Defendants, as follows:  Officer Curry, Officer Lewis, and Terrance Edwards.  Officer Richardson and J. Jeanes are to be terminated as defendants.

Counsel representing co-Defendants Curry and Edwards is **DIRECTED** to either waive service on behalf of Defendant Lewis, or provide the Court with Defendant Lewis' last known address.  Counsel must provide the Court with either written notification of Defendant Lewis' waiver of service or Defendant Lewis' last known address, filed under seal, **within 21 days of the date of this Order.**  The Clerk is **DIRECTED** to provide counsel of record for Defendants

Curry and Edwards with Waiver of Service forms for Defendant Lewis.

**SO ORDERED and RECOMMENDED**, this 21st day of February, 2014.

>   s/ *THOMAS Q. LANGSTAFF*
>   **UNITED STATES MAGISTRATE JUDGE**

asb