IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL WADE PHILLIPS, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:13-CV-68 (WLS) |
| | : | |
| v. | : | |
| | : | |
| Warden J. JEANES, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed February 21, 2014. (Doc. 54.) Therein, Judge Langstaff recommends that Plaintiff's Second Motion for Leave to Amend (Doc. 45) be granted to allow Plaintiff to replace Officer Lewis with Officer Richardson and that Defendants' pending Motions to Dismiss (Docs. 38, 51) be denied as moot since they were based on Plaintiff's original complaint. Defendants Officers Theodore Curry and Terrance Edwards filed an objection to this recommendation. (Doc. 59.) Per Defendants, Plaintiff's amendment is time-barred and does not relate back because it was not a mistake for the purposes of Federal Rule of Civil Procedure 15(c)(1)(C)(ii). (*Id.* at 1.) Per Defendants, Plaintiff's amendment is occasioned by the fact that he lacked knowledge about the identity of the officers who allegedly assaulted him on July 7, 2011, and, thus, Plaintiff's amendment should not relate back under the mistake provisions of Rule 15(c)(1)(C)(ii). Defendants also contend that Plaintiff's request to amend should be denied because Plaintiff has not shown that Officer Lewis received notice of Plaintiff's suit and Plaintiff cannot therefore meet the requirements of Rule 15(c)(1)(C)(i). The Court has reviewed Defendants' Objection and finds that it agrees with Defendants that Plaintiff has not made a "mistake" as that term is contemplated by Rule 15(c)(1)(C)(ii).

1

Accordingly, the Court does not accept Judge Langstaff's Recommendation that Plaintiff's Motion for Leave to Amend should granted for the following reasons.

In granting Plaintiff leave to amend his complaint for a second time, Judge Langstaff concluded that when Plaintiff asked to re-add Officer Lewis back to his Complaint, Plaintiff was "[c]learly . . . seeking to correct his misidentification of Defendant Richardson rather than Officer Lewis as an allegedly liable party, and this does not fall into the category of adding a new party whose identity was previously unknown." (Doc. 54 at 7.) The Court disagrees that the pleadings reflect that Plaintiff's "mistake" should be accorded such a liberal construction.

In his recast Complaint, Plaintiff named Warden Jeanes and Officers Richardson, Curry, and Lewis (or Louis) as defendants. (Doc. 15.) In his first Motion for Leave to Amend, Plaintiff stated, "[s]ince the filing of the Complaint the Plaintiff has determined that the sure name of the Lewis (Louis) Defendent [sic] is Terrance Edwards." (Doc. 32.) When he filed the instant second Motion for Leave to Amend on December 26, 2013, Plaintiff stated that "[s]ince the filing of the Motion for Leave to Amend the Plaintiff has determined that it was OFC Richardson and not OFC Louis or Lewis that was supposed to had [sic] been substituted and that the surname of the defendant is Lewis." (Doc. 45 ¶ 2.) In his response in opposition to Defendants' Motion to Dismiss, Plaintiff further sought to explain his substitution with the following:

> OFC Lewis who had already been named in this complaint up until the substitution had been misidentified as OFC Richardson in which newly discovered information showed that an OFC Richardson did not work at Lee State Prison and that OFC Lewis had [sic] but had recently been discharged for his actions against the Plaintiff. . . . If given the chance to discovery or a face to face encounter with these ofc's [sic] he [Plaintiff] would point out OFC Lewis as the OFC that played the role of OFC Richardson.

(Doc. 50 at 2.)

The aforementioned excerpts from Plaintiff's pleadings reflect that, based on Plaintiff's own explanations, Plaintiff does not know the identity of the officer who attacked him. When Plaintiff found out that an Officer Richardson could not have been

2

the perpetrator because he did not work at Lee State Prison *and* that an individual by the name of Officer Lewis was recently discharged from Lee State Prison for conduct that allegedly related to Plaintiff, Plaintiff then realized that Officer Lewis must have been the one who allegedly assaulted him. But this is information Plaintiff learned *after* the expiration of the statute of limitations, meaning he lacked the knowledge of the proper party in the first instance. Therefore, this is not a situation where Plaintiff said "red" when he really meant "blue." Rather, this is a situation where Plaintiff stated "red," belatedly realized it could not have been "red," and then realized that it must have been "blue"—a situation that does not fall within the ambit of Rule 15(c)(1)(C)(ii). *See Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) ("Rule 15(c)(2) [current Rule 15(c)(3) ] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.") (additional citation omitted).

Moreover, the language that Plaintiff has used in both of his motions for leave to amend—"*[s]ince the filing of* [the Complaint and the Motion for Leave to Amend]"— reflects that Plaintiff is moving to amend based on information he is gaining on an ongoing basis. This behavior reflects an effort to correct the identification of the alleged offending officers, not to correct mere misnomer or misidentification. The problem with this conduct is that Plaintiff filed his suit a mere three months before the expiration of the statute of limitations (the incident in question took place on July 7, 2011, and Plaintiff filed his initial complaint on April 22, 2013). Had Plaintiff filed his suit earlier, these errors in identification could have been corrected within the limitations period. The Court cannot excuse Plaintiff's delay and continue allowing him to amend his pleadings and substitute parties as he sees fit. *Wayne*, 197 F.3d at 1104 (noting that even a *pro se* plaintiff must bear the consequences of his own delay); *see, e.g., Seegars v. Adcox*, 258 F. Supp. 2d 1370, 1376-77 (S.D. Ga. 2002) (dismissing claims against newly named defendants because "[p]laintiffs did not merely misname or misidentify [defendants]; rather, [p]laintiffs lacked knowledge of which officers were involved in the stop . . .

3

[and] [p]laintiffs' inability to identify the officers within the statutes of limitation is a result of the last-minute filing of the suit").

Accordingly, the Court finds that Plaintiff has not made a "mistake" as that term is contemplated by Rule 15(c)(1)(C)(ii) and should therefore not be permitted to amend his recast Complaint to add Officer Lewis back as a defendant. Because the Court has not found the requisite "mistake," the Court need not reach the issues of notice and prejudice. *See Lelieve v. Orosa*, No. 1:10-cv-23677, 2011 WL 5103949, at *4 (S.D. Fla. Oct. 27, 2011) ("[O]nce a court determines that no "mistake" was made, it is irrelevant whether the to-be-joined party received notice and would not be prejudiced; a finding of a mistake is necessary before moving on to the other requirements.") (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

Defendants also object to Judge Langstaff's Recommendation that Plaintiff should be permitted to amend his recast Complaint because his proposed First and Eighth Amendment claims clearly relate to and arise from the conduct set out in his recast Complaint, (*see* Doc. 54 at 4-5). In his brief in Support of his Recast Complaint, filed concurrently with his second Motion for Leave to Amend, Plaintiff states that he is asserting two First Amendment claims on the basis that he was beaten after he asked for a sack lunch and beaten a second time after he requested a grievance. (Doc. 44 at 4-6.) Plaintiff also requested leave to amend to include an Eighth Amendment claim for failure to protect against all parties. (*Id.* at 6.) Defendants assert that Judge Langstaff failed to address their arguments that Plaintiff failed to address their contention that Plaintiff failed to describe these claims with any factual particularity and because the new claims asserted are meritless. (Doc. 59 at 16-17.) Defendants also assert that Judge Langstaff did not review these claims for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i). (*Id.* at 17.) The Court agrees that Judge Langstaff did not address the substance of Plaintiff's new claims in addition to addressing whether they "relate to and arise from the conduct set out in [Plaintiff's] recast Complaint." (*See generally* Doc. 59.) Therefore the Court remands the matter to Judge Langstaff for a determination as to whether Plaintiff's new

4

First and Eighth Amendment claims pass muster under 28 U.S.C. § 1915(e)(2)(B)(i) such that Plaintiff should be permitted to amend his recast Complaint to include these claims.

## CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Defendants' Objections (Doc. 59). Judge Langstaff's February 21, 2014 Order and Recommendation is **NOT ACCEPTED OR ADOPTED**. Plaintiff's Second Motion for Leave to Amend his Complaint to add back in Officer Lewis as a defendant is **DENIED**. Plaintiff's request for leave to add new First and Eighth Amendment claims to his recast Complaint is **REMANDED** to Judge Langstaff for a frivolity review under 28 U.S.C. § 1915(e)(2)(B)(i). On remand, should Judge Langstaff determine that the new claims should not be added, this means that Plaintiff's recast Complaint remains the operative complaint, unchanged, and, thus, Defendants' Motions to Dismiss (Docs. 38, 51) would no longer be moot and in that event should be considered.

**SO ORDERED**, this 27th day of June 2014.

/s/ W. Louis Sands  
**W. LOUIS SANDS, JUDGE**  
**UNITED STATES DISTRICT COURT**